IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-05414-PAB

MIGUEL HERNANDEZ,

Petitioner,

v.

JUAN BALTAZAR, Warden,

Respondent.

---

**ORDER**

---

This matter comes before the Court on petitioner Miguel Hernandez's *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1] and his Emergency Motion for Expedited Consideration and Immediate Release [Docket No. 3]. Respondent has filed a response. Docket No. 7.

## I. Background[1]

Petitioner[2] is a native and citizen of Mexico. Docket No. 1 at 16. The Notice to Appear ("NTA"), which Petitioner attached, indicates that he entered the United States in or about January 2009 without being admitted or paroled. *Id.* The NTA

[1] Petitioner asserts various facts in the habeas petition. Docket No. 1. Respondent does not dispute the facts. Docket No. 7. Respondent states that he "is not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." *Id.* at 1. "Respondent recognizes that the Court may then decide to grant the Petition and award appropriate relief." *Id.* Thus, the Court accepts as true the facts taken from the habeas petition.

[2] Because petitioner is proceeding pro se, the Court construes his filings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

charges applicant with being removable under § 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"). *Id.* Applicant was taken into immigration custody on May 7, 2026, in Colorado Springs, Colorado. *Id.* at 5, 18. Applicant alleges that he has been "found incompetent to participate meaningfully in immigration proceedings" and he appears unsure whether the has received an individualized bond hearing. *Id.* at 5. He appears to acknowledges that he has a criminal history. *Id.*

On October 22, 2026, petitioner filed a habeas petition, raising three claims: (1) "Fifth Amendment Due Process/Prolonged Detention"; (2) "Competency-Related Safeguards"; and (3) "Statutory Custody Authority." *Id.* He requests that the Court require Respondent to identify whether 8 U.S.C. § 1226(a) or § 1226(c) govern his detention. *Id.* For relief, petitioner asks the Court to order his immediate release or, alternatively, order a prompt bond hearing with "competency-related safeguards and legally appropriate burden of proof." *Id.*

On November 5, 2026, respondent filed a response. Docket No. 7. Respondent states that, "if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondent, within seven days of the Court's Order, release Petitioner from detention." *Id.* at 1-2 (citing *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026)).

## II. Analysis

In *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), the Tenth Circuit held that 8 U.S.C. § 1226(a) governs the detention of noncitizens undergoing removal proceedings who are detained in the interior of the United States. Petitioner is undergoing removal proceedings and was detained in the interior of the United States. Docket No. 1 at 5, 18. Although Petitioner acknowledges a criminal history,

Respondent, in citing *Santillan Quiroz*, does not dispute that petitioner is detained pursuant to § 1226(a) rather than § 1226(c) or that Petitioner has not received a bond hearing. *See* Docket No. 7; 8 U.S.C. § 1226(c) (mandating the detention of certain "criminal aliens"). Therefore, the Court finds that petitioner is detained pursuant to § 1226(a) and is entitled to relief.

Respondent submits that, if the Court grants the petition, the appropriate relief is for the Court to order respondent to "release Petitioner from detention." Docket No. 7 at 2. Petitioner seeks his release from detention. Docket No. 1 at 5. Thus, the Court will order respondent to release petitioner.

## III. Conclusion

Therefore, it is

**ORDERED** that the application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Docket No. 1] is **GRANTED**. It is further

**ORDERED** that respondents shall release petitioner from custody within **48 hours** of the issuance of this order. It is further

**ORDERED** that respondents shall file a status report within **four days** of the issuance of this order confirming that petitioner was released from custody. It is further

**ORDERED** that Petitioner's Emergency Motion for Expedited Consideration and Immediate Release [Docket No. 3] be **DENIED AS MOOT.**

DATED November 6, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge